IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CT-3141-D

HA NASI YISRAEL,            )
                            )
            Plaintiff,      )
                            )
    v.                      )        **ORDER**
                            )
GERALD J. BRANKER, et al.,  )
                            )
            Defendants.     )

Ha Nasi Yisrael ("Yisrael" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 [D.E. 1]. Yisrael proceeds in forma pauperis under 28 U.S.C. § 1915 [D.E. 2, 4]. On January 28, 2013, the court reviewed the complaint pursuant to 28 U.S.C. § 1915A, dismissed as frivolous plaintiff's claims concerning retaliation and deprivation of property, along with all named defendants, and directed plaintiff to amend his complaint to name any defendants actually responsible for his conditions-of-confinement claim [D.E. 5]. On March 26, 2013, Yisrael filed an amended complaint [D.E. 8]. On April 10, 2013, the court reviewed the amended complaint pursuant to 28 U.S.C. § 1915A, dismissed one defendant, and allowed Yisrael to proceed with his conditions-of-confinement claim against defendants Branker and Upton and with his due-process claim against defendant Branker [D.E. 9].

On February 10, 2014, the court denied Yisrael's motions for entry of default and leave to file an amended complaint and defendant Upton's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See [D.E. 33]. On April 7, 2014, Magistrate Judge Robert B. Jones, Jr. entered a scheduling order [D.E. 43]. On August 7, 2014, defendants moved for summary judgment [D.E. 50]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the

court notified Yisrael about the motion for summary judgment, the consequences of failing to respond, and the response deadline [D.E. 52]. On August 8, 2014, defendants moved to supplement the motion for summary judgment with an affidavit of defendant Upton [D.E. 53]. On August 13, 2014, defendants moved for a protective order [D.E. 55]. Yisrael did respond to any of the motions, although he sought and obtained an extension of time in which to do so [D.E. 57–58]. As explained below, the court grants defendants' motions for summary judgment and to supplement, and denies as moot defendants' motion for a protective order.

Yisrael's claims concern a period of approximately two months in 2011, when he was housed on Unit Six at Central Prison in order to allow him to receive a Kosher diet. See Compl. [D.E. 1] 3; Grievance [D.E. 1-1] 2; Upton Aff. [D.E. 54-1] ¶ 10. Yisrael alleges that the conditions on Unit Six were "unbearable," including "the . . . stench of urine and feces, sleep deprivation from mentally unstable [inmates] beating[,] banging, kicking, yelling and screaming," and roaches. Compl. 3–4. Yisrael also alleges that "[b]acteria and l[i]nt cluttered the ventilation system preventing an adequate flow of oxygen" and causing Yisrael to suffer "severe asthma attacks." Id. 4. Yisrael alleges that Upton "knew about these conditions on Unit Six because not only did he respond to Plaintiff's grievance that was written about these conditions but he also had several conversations with Plaintiff regarding those conditions . . . [and] did absolutely nothing to fix the . . . conditions." Am. Compl. [D.E. 8] 5. As for Warden Branker, Yisrael alleges that Branker "knew about these conditions on Unit Six because Plaintiff witnessed him make several appearances on the unit" and Branker "chose to ignore these conditions . . . , despite Plaintiff and several other inmate grievances being written as well as medical personnel continuously protesting the unsanitary environment they were being forced to work in." Id. 5. Upton states that Yisrael's assigned "cell had been treated in accordance with DPS policy regarding cell transfer and had been cleaned" prior to Yisrael's arrival. Upton Aff.

2

¶ 17. Upton further states that "[a]side from his grievance, Plaintiff never expressed any complaints to me personally regarding his cell or the conditions on Unit Six. Plaintiff also never complained to me regarding any medical condition - such as headaches and asthma." Upton Aff. ¶ 18.

Summary judgment is appropriate when, after reviewing the record as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Where the non-moving party does not respond to a motion for summary judgment, the court must independently review the record to ensure that the movant is entitled to judgment as a matter of law. See, e.g., Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 415–16 (4th Cir. 1993); Meyer v. Qualex, Inc., 388 F. Supp. 2d 630, 634 (E.D.N.C. 2005).

"In order to make out a prima facie case that prison conditions violate the Eighth Amendment, a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires the prisoner to show

3

that "the deprivation of the basic human need was objectively 'sufficiently serious,'" and the second prong requires the prisoner to show that "subjectively 'the officials acted with a sufficiently culpable state of mind.'" Id. (alteration and emphasis omitted) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. See, e.g., Helling v. McKinney, 509 U.S. 25, 35–36 (1993); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).

To meet the subjective prong, a plaintiff must show that the official acted with deliberate indifference. See, e.g., Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998); Strickler, 989 F.2d at 1379. "[D]eliberate indifference entails something more than mere negligence," but "it is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997); see Farmer, 511 U.S. at 837; Estelle v. Gamble, 429 U.S. 97, 104–06 (1976).

The court has independently reviewed the entire record, and concludes that defendants are entitled to summary judgment. Yisrael has failed to raise a genuine issue of material fact concerning whether Upton and Branker were deliberately indifferent to the conditions of his confinement. Thus, the court grants defendants' motion for summary judgment.

In sum, the court GRANTS defendants' motions for summary judgment and to supplement [D.E. 50, 53], and DENIES AS MOOT defendants' motion for a protective order [D.E. 55]. The clerk shall close the case.

SO ORDERED. This 18 day of February 2015.

                                             JAMES C. DEVER III
                                             Chief United States District Judge